# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JASMINE DOSS**                                                                                       **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.:** 5:23-cv-37-DCB-BWR

**JEFFERSON COUNTY HOSPITAL**                                                          **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Jasmine Doss, by and through counsel, Watson & Norris, PLLC, brings this action against Jefferson County Hospital, to recover damages for violations of her rights under the Family and Medical Leave Act of 1993 (FMLA), as amended. As more specifically set forth below, Plaintiff has been subjected to FMLA interference and retaliation in the terms and conditions of her employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Jasmine Doss, is an adult female resident of Jefferson County, Mississippi. Plaintiff is an eligible employee as currently defined by the FMLA.

2. Defendant, Jefferson County Hospital, may be served with process by serving Jerry Kennedy, Administrator, at Jefferson County Hospital, 870 Main Street, Fayette, Mississippi 39069. Defendant is a covered employer as currently defined by the FMLA.

## JURISDICTION AND VENUE

3. This action arises under the Family and Medical Leave Act of 1993, as amended.

4. This Court has federal question jurisdiction for actions that arise under the FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF FACTS

6. Plaintiff is a 32-year-old female resident of Jefferson County, Mississippi.

7. Plaintiff was hired on August 3, 2013, as an Accounts Clerk and Bookkeeper at Jefferson County Hospital (JCH).

8. Plaintiff applied for and was approved to take continuous FMLA leave beginning January 18, 2023, and ending on April 18, 2023.

9. On January 18, 2023, Plaintiff began the FMLA leave.

10. While Plaintiff was on FMLA leave, Plaintiff received phone calls from JCH personnel asking for assistance with work-related matters.

11. For example, on January 31, 2023, at 5:18 p.m., Administrative Assistant Diane Harris called Plaintiff and left the following voicemail: "Hi Jasamine I just found out that there's a special board meeting Thursday so I'm in your office trying to print the check for the board members will you give me a call I'm missing one [inaudible]…give me a call I'm going to be a job for another 20 minutes…"

12. On March 5, 2023, Plaintiff returned to JCH from FMLA leave.

13. On that same date, Auditor Barbara Conway approached Plaintiff and demanded information.

14. Plaintiff provided Ms. Conway with the requested information to which she (Ms. Doss) had access.

15. On March 16, 2023, Hospital Administrator Linda St. Julien informed Plaintiff that she was terminated.

16. When Plaintiff asked for explanation, Ms. St. Julien responded that she was told that "due to an audit conducted in 2022, when Michael Harrell was the Administrator, it was not safe for Ms. Doss to work for Jefferson County Hospital."

17. In a letter dated February 21, 2023, Ms. St. Julien then wrote to Plaintiff, stating, "This letter is to inform you that as of Thursday, March 16, 2023, we have terminated your employment with Jefferson County Hospital…". No reason was given in the letter for the termination.

18. After Plaintiff was terminated, Plaintiff filed for unemployment benefits with the Mississippi Department of Employment Security (MDES).

19. When MDES reached out to the employer, JCH contested Plaintiff's reception of benefits and alleged that she was "discharged for failing to perform work up to the standards required by the employer".

20. JCH further alleged to MDES that Plaintiff was "warned regarding [her] performance."

21. Plaintiff contends that these vague allegations are false, and that the entire situation is pretext for retaliation against her due to her use of FMLA leave.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

22. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 21.

23. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

24. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

25. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant.

26. Plaintiff also seeks all other relief, at law or in equity, to which she may show himself justly entitled.

### COUNT I: VIOLATION OF THE FMLA - RETALIATION

27. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 26.

28. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

29. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

30. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against Defendant.

31. Plaintiff also seeks all other relief, at law or in equity, to which she may show himself justly entitled.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be

set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. A tax gross-up and all make whole relief;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and
7. Such further relief as is deemed just and proper.

THIS the 3rd day of May 2023.

                                                   Respectfully submitted,

                                                   JASAMINE DOSS, PLAINTIFF

                                            By: /s Louis H. Watson, Jr.
                                                   LOUIS H. WATSON, JR. (MB# 9053)
                                                   NICK NORRIS (MB# 101574)
                                                   Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com