IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

JASAMINE DOSS                                                    PLAINTIFF

V.                              CIVIL ACTION NO. 5:23-cv-37-DCB-BWR

JEFFERSON COUNTY HOSPITAL                                        DEFENDANT

ORDER

BEFORE THE COURT is Jefferson County Hospital ("Defendant")'s Motion to Set Aside Clerk's Entry of Default ("Motion") [ECF No. 10]. Defendant alleged no willful delay because service of process had not been perfected on its Administrator. Jasamine Doss ("Plaintiff") filed a timely Response opposing the Motion, and Defendant filed a Reply. After due consideration of the parties' submissions, the record, and the applicable legal authority, the Court finds that the Motion should be granted.

I. Background

On May 3, 2023, Plaintiff filed her Complaint [ECF No. 1] alleging two violations of her rights under the Family and Medical Leave Act ("FMLA") arising from her termination by Defendant. The Summons and Complaint were served on Defendant, and a Proof of Service was returned executed by allegedly serving a copy of the Summons and Complaint upon Defendant's Administrator, Linda St.

Julien, on May 23, 2023. [ECF No. 4]. Defendant failed to timely Answer the Complaint.

On June 27, 2023, the Clerk of Court upon Plaintiff's motion entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) because of Defendant's failure to file an Answer or otherwise defend Plaintiff's Complaint. [ECF No. 6]. Plaintiff subsequently filed a Motion for Entry of Default Judgment Against Defendant on August 11, 2023. [ECF No. 7]. Defendant failed to timely respond to either motion.

On September 13, 2023, the Court entered an Order setting an evidentiary hearing for October 10, 2023, to assess damages sought by Plaintiff in her Motion for Entry of Default Judgment. [ECF No. 8]. On September 14, 2023, the Court sent a Certified Letter to Defendant notifying it of the Motion for Entry of Default Judgment and the evidentiary hearing.

Defendant filed this Motion on October 3, 2023. [ECF No. 10]. In the Motion and attached affidavits, Defendant alleged that it did not have notice of the lawsuit because St. Julien was not personally served. Id. at 2; [ECF Nos. 10-1, 10-2, and 10-3]. Defendant further alleged that the Certified Letter sent by the Court was its first notice of the pending default judgment. The Court entered an Order to Continue the evidentiary hearing to provide Plaintiff adequate time to respond. [ECF No. 11].

Plaintiff filed her Response [ECF No. 12] to the Motion on October 17, 2023. Plaintiff also attached an affidavit signed by the personal process server, Mary Ann Dearman, who alleged she sought and personally served St. Julien on May 23, 2023. [ECF No. 12-1]. Defendant subsequently filed a Reply [ECF No. 15] and reiterated that the delay was not willful because Plaintiff allegedly failed to effectuate service of process. [ECF No. 16].

## II. Analysis

Under Federal Rule of Civil Procedure 55, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Fifth Circuit has set forth three factors in determining whether there is good cause to set aside an entry of default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether a meritorious defense is presented. See Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003). Other factors may also be considered, including whether "the defendant acted expeditiously to correct the default." In re Dierschke, 975 F.2d 181, 184 (5th Cir. 1992). A district court need not weigh all possible factors; "the imperative is that [the factors] be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'" Id. at 183.

The Fifth Circuit prefers a resolution of a case on its merits against default judgment. Rogers v. Hartford Life and Acc. Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999). "This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." Id. (internal quotation marks and citations omitted). Where, on motion by defaulting party in district court to set aside default judgment, there are no intervening equities, "any doubt should [generally] be resolved in favor of the movant to the end of securing a trial upon the merits." Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960).

A. Whether the default was willful

To determine whether the Defendant's failure to respond was willful, the Court will look to whether the Defendant's inaction was a deliberate attempt to avoid litigation or to do any harm whatsoever to the Plaintiff or the Court. See Gullick v. Maritech Resources, Inc., 2011 WL 4356618, at *2 (S.D. Miss. 2011). The defendant bears the burden to show by a preponderance of the evidence that its neglect was excusable, rather than willful. In re Chinese-Manufactured Drywall Prods. Liab. Litig., 742 F.3d 576, 594 (5th Cir. 2014).

4

Rule 4(h) provides that a corporation, partnership, or association "in a judicial district of the United States" may be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). "[P]erfection of service is not determinative—the defendant's knowledge of the perfected service, and the defendant's actions post-service also play a role in measuring the willfulness of a defendant's default." Jenkens v. Gilchrist v. Groia & Co., 542 F.3d 114, 123 (5th Cir. 2008). Failure to respond to a lawsuit may be negligent or more than somewhat naïve without rising to the level of willfulness. Scott v. Carpanzano, 556 F. App'x 288, 293 (5th Cir. 2014).

The Proof of Service accompanying the Summons as to Defendant showed that Dearman served the Summons on St. Julien. [ECF No. 4]. St. Julien asserted in her Affidavit that she was not personally served by Dearman. [ECF No. 10-1]. KaDeidra Eanochs, Defendant's

Payroll Manager, alleged in her Affidavit [ECF No. 10-3] that "St. Julien was not present in her office at the time [Dearman] came looking for [St. Julien]." Dyann Harris, Administrative Assistant to St. Julien, further alleged that Dearman handed the papers to Harris, asked how to spell St. Julien's name, and left without serving St. Julien. [ECF No. 10-2]. In response, Dearman asserted in her Affidavit [ECF No. 12-1] that she sought and personally served St. Julien in St. Julien's office on the day in question.

There appears to be some confusion as to whether St. Julien was personally served because both parties have presented competing affidavits surrounding the alleged service of process. District courts in other jurisdictions have weighed similar affidavits and granted motions to set aside defaults. See Kaszuba v. Fidelity Nat. Default Servs., 2011 WL 2445860, at *2 (S.D. Calif. 2011) (finding no willful delay because there was a dispute concerning whether the plaintiff had properly served the officer of the corporation); Ferris v. Schofield, 2015 WL 403105, at *2 (W.D. Tenn. 2015) (finding no willful delay where there was confusion regarding the service of process); J & J Sports Prods., Inc. v. Guevara de Gerardo, 2017 WL 3449061, at *2 (C.D. Calif. 2017) (finding no willful delay where, even though the plaintiff made a prima facie showing of proper service, the defendant argued he was not present at the time service of process was executed).

Still, Plaintiff alleges the Defendant acted willfully to delay these proceedings because Defendant received service of process, knew of the lawsuit, and did not answer or defend the lawsuit until it received notice of the scheduled evidentiary hearing. "The willfulness factor is reviewed under the excusable neglect standard of Federal Rule of Civil Procedure 60(b)." Luxottica Group SpA v. AMZ Buckner Corp, 2020 WL 2132617, at *2 (N.D. Tex. May 5, 2020) (citing Reyelts v. Cross, 2013 WL 4874090, at *1 (N.D. Tex. Apr. 23, 2013)) (internal quotation marks omitted). "Excusable neglect" is an elastic concept and extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer Inv. Servs. Co. v. Brusnswick Assocs. Ltd., 507 U.S. 380, 392 (1993). Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness." Mattress Giant Corp. v. Motor Adver. & Design Inc., 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008).

Even if Defendant is mistaken and St. Julien was personally served, this Court believes it is likely that Defendant's conduct was, at best, negligent but not to the level of willful delay required under Rule 55(c). In Hunt Valley Restoration, LLC v. Berk-Cohen Assocs., LLC, the defendant argued that service was not perfected because its officer was not personally served, even though the plaintiff filed a Proof of Service showing that

Defendant's officer received process. 2023 WL 3159401, at *3 (E.D. La. Apr. 28, 2023). The district court found no willful delay because the defendant believed, although mistakenly, that it had a good defense in improper service of process. Id. Defendant's conduct in handling the service of process can be described in a similar manner. It is apparent in the briefs and affidavits that Defendant believed that service had not been perfected upon St. Julien and that Defendant relied on this fact in defense of its delay.

The lack of willful delay is further evidenced by Defendant's action to correct the entry of default after receiving a Certified Letter from this Court informing it of the evidentiary hearing. Defendant hired counsel upon notice of the evidentiary hearing, and Defendant's counsel emailed Plaintiff's counsel twice before the scheduled evidentiary hearing to discuss the matter. [ECF No. 10-4]. See Lacy v. Sitel Corporation, 227 F.3d 290, 292-93 (5th Cir. 2000) (finding no willful delay when counsel "made repeated contacts with [the plaintiff] in an attempt to resolve the suit."). Thus, this Court finds that any neglect is excusable and not willful.

B. Whether setting aside the default would prejudice Plaintiff

Defendant argued that setting aside the default judgment would not prejudice Plaintiff because setting aside will only require Plaintiff to prove her case and allow Defendant to defend the case. Plaintiff argued prejudice currently exists because she has already proven that Defendant has willfully caused the delay and that Defendant has provided vague reasons for its delay. Plaintiff further asserted that the vague affidavits show that any further delays may result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.

Courts generally find no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained . . . without a trial and by default. All that . . . has [been] done is to give the defendants their day in court." Gen. Tel. Corp., 277 F.2d at 921. "[M]ere delay does not alone constitute prejudice." Lacy, 227 F.3d at 293. Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (quoting Berthelsen v. Kane, 907 F.2d 617, 622 (6th Cir. 1990).

Plaintiff alleged she was prejudiced because the affidavits offered by Defendant (1) give rise to a reasonable inference that there will be further difficulties in discovery and (2) are "attempts to weasel out of their procedural mistake." [ECF No. 13] at 10. But Plaintiff's position assumes that the affidavits prove that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. The litigation is in its early stages, and neither the Case Management Conference nor any meaningful discovery have been conducted. The Court is not convinced that such an assumption satisfies the required showing for prejudice under Rule 55(c).

C. Whether a meritorious defense is presented

A defendant's burden under this factor is to provide "definite factual allegations, as opposed to mere legal conclusions, in support of her defense." Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 122 (5th Cir. 2008) (citation omitted). The underlying concern is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." In re OCA, Inc., 551 F.3d at 373 (quotation omitted). Here, the Plaintiff alleges the Defendant violated her rights under FMLA arising from her termination of employment. Defendant contends the termination did not arise from her medical leave but instead her job performance. Defendant offered factual

allegations that her termination arose from audit reports related to her job performance.

In Patrick v. Ridge, the Fifth Circuit held that "an employer must articulate a nondiscriminatory reason with 'sufficient clarity' to afford the employee a realistic opportunity to show that the reason is pretextual." 394 F.3d 311, 317 (5th Cir. 2004) (citing Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 355-56 (1981) (emphasis in original). Patrick also provided examples illustrated by the Eleventh Circuit:

> [I]t might not be sufficient for a defendant employer to say it did not hire the plaintiff applicant simply because "I did not like his appearance" with no further explanation. However, if the defendant employer said, "I did not like his appearance because his hair was uncombed and he had dandruff all over his shoulders," or "because he had his nose pierced," or "because his fingernails were dirty," or "because he came to the interview wearing short pants and a T-shirt," the defendant would have articulated a "clear and reasonably specific" basis for its subjective opinion. . . .

Id. (citing Chapman v. AI Transp., 229 F.3d 1012, 1034 (11th Cir. 2000) (en banc).

11

Defendant alleged that Plaintiff was terminated because of her job performance based on audit reports conducted in 2022 and not because of any discriminatory motive in violation of FMLA. The Court finds that Defendant articulated a "clear and reasonably specific" basis for the termination and that the issue of a meritorious defense is best left for a jury to determine.

D. Other factors

The Southern District of Mississippi has held that a defendant has acted expeditiously where the defendant sought to correct the default as soon as he received a copy of the Order setting an evidentiary hearing on the Motion for Default Judgment. See Ariz. Pac. Wood Preserving, Inc. v. Miss. Mat & Tie, LLC, 2013 WL 5505075, at *2 (S.D. Miss. 2013). Likewise, this Court finds that Defendant has acted expeditiously to correct the default as soon as it received the Certified Letter notifying it of the Motion for Entry of Default Judgment and the evidentiary hearing.

III. Conclusion

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Default Judgment is hereby GRANTED. Defendant shall file an Answer or other response to the Complaint within 21 days after the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment [ECF No. 7] is hereby DENIED as moot.

SO ORDERED, this 6th day of November, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE